## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

JEFF BOYU SHI, on behalf of himself and
others similarly situated,

    Plaintiff,

v.

QUEST HEALTH SOLUTIONS, LLC,

    Defendant.

      :
      : CIVIL ACTION FILE NO.
      :
      :
      :
      : **COMPLAINT – CLASS ACTION**
      :
      :
      : **JURY TRIAL DEMANDED**
      :
      :

Plaintiff Jeff Boyu Shi (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

### NATURE OF ACTION

1.     As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.     The Plaintiff brings this action against Quest Health Solutions, LLC's ("Quest Health" or "Defendant") under the TCPA.

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

4. More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

## PARTIES

5. Plaintiff Jeff Boyu Shi is an individual.

6. Defendant Quest Health Solutions, LLC is a limited liability company headquartered in Florida.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over the TCPA claim pursuant to 28 U.S.C. § 1331.

8. This Court has general personal jurisdiction over Quest Health because the company resides here.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Quest Health directed the calls at issue to Plaintiff from this District.

## TCPA BACKGROUND

The TCPA Prohibits Automated Calls

10.     The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

11.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B).  *See* 47 U.S.C. § 227(b)(3).

12.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

## FACTUAL ALLEGATIONS

13.     Defendant Quest Health is a "person" as the term is defined by 47 U.S.C. § 153(39).

14.     Quest Health provides glucose monitoring devices.

15.     Plaintiff is, and has been for more fifteen years, the subscriber to and customary user of cellular telephone number (214) 235-XXXX.

16.     Defendant began placing calls to telephone number (214) 235-XXXX intending to reach someone other than, and unknown to, Plaintiff.

3

17. This included calls on August 31, September 1, 4, 25, 26, 27 and November 6, 2023.

18. Defendant used an artificial or prerecorded voice in connection with the calls it placed to telephone number (214) 235-XXXX.

19. The pre-recorded message stated, "Hello, this call is from Quest Health Solutions. We have important information regarding your account that requires your attention."

20. The calls were clearly pre-recorded because (a) there was a pause before the recording played, (b) the robot had a generic and unnatural monotone voice, and (c) the identical message was played in both calls.

21. On the November 6, 2023 call, the call prompts for the recorded message asked if the Plaintiff was "Herman Yeo".

22. The Plaintiff informed them he was not, expecting that would end the calls, but it did not.

23. The Plaintiff received calls from the Defendant on November 30, December 1, 4, 2023 and January 22, 23 and 24 and February 15, 16, and 19, 2024.

24. The calls played the same pre-recorded message.

25. On the January 22, 2024 call, the Plaintiff spoke with a live individual and also asked to be removed.

26. However, the calls did not stop.

27. The Caller ID for the calls was (855) 271-1265.

28. Indeed, other individuals have complained about receiving pre-recorded voice calls from that number. *See* https://lookup.robokiller.com/p/855-271-1265

29.     Plaintiff Shi has no relationship with Herman Yeo.

30.     Plaintiff Shi has never had any business relationship with Defendant Quest Health Solutions.

31.     Neither the Plaintiff nor any other members of the proposed classes ever provided Defendant and/or their agents with prior express written consent to receive the telephone calls at issue.

32.     Defendant does not have any record of express written consent to place calls, or calls featuring an artificial or prerecorded voice, to Plaintiff or to members of the proposed classes.

33.     Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.

34.     In response to these calls, Plaintiff file this lawsuit seeking injunctive relief requiring the Defendant to cease violating the Telephone Consumer Protection Act and Florida Telephone Solicitation Act, as well as an award of statutory damages to the members of the Classes and costs.

## CLASS ACTION ALLEGATIONS

35.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

36.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> *Class*: All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a Defendant, Inc. customer, accountholder, or

authorized user, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

*Subclass*: All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a Defendant customer, accountholder, or authorized user, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) after the called party informed Defendant that the telephone number it called was a wrong or reassigned telephone number, or instructed Defendant to stop placing calls to the telephone number, (5) from four years prior to the filing of this complaint through the date of class certification.

37.     Excluded from the class and subclass are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

38.     Upon information and belief, the members of the class and subclass are so numerous that joinder of all of them is impracticable.

39.     The exact number of the members of the class and subclass are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

40.     The members of the class and subclass are ascertainable because they are defined by reference to objective criteria.

41.     In addition, the members of the class and subclass are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

42.     Plaintiff's claims are typical of the claims of the members of the class and subclass.

43.     As it did for all members of the class and subclass, Defendant placed calls to

6

Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

44. Plaintiff's claims, and the claims of the members of the class and subclass, originate from the same conduct, practice, and procedure on the part of Defendant.

45. Plaintiff's claims are based on the same theories as the claims of the members of the class and subclass.

46. Plaintiff suffered the same injuries as the members of the class and subclass.

47. Plaintiff will fairly and adequately protect the interests of the members of the class and subclass.

48. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class and subclass.

49. Plaintiff will vigorously pursue the claims of the members of the class and subclass.

50. Plaintiff has retained counsel experienced and competent in class action litigation.

51. Plaintiff's counsel will vigorously pursue this matter.

52. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class and subclass.

53. The questions of law and fact common to the members of the class and subclass predominate over questions that may affect individual members of the class and subclass.

54. Issues of law and fact common to all members of the class and subclass include:

   a. Defendant's violations of the TCPA;

   b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

c.  Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

d.  Defendant's use of an artificial or prerecorded voice; and

e.  The availability of statutory penalties.

55.  A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

56.  If brought and prosecuted individually, the claims of the members of the class and subclass would require proof of the same material and substantive facts.

57.  The pursuit of separate actions by individual members of the class and subclass would, as a practical matter, be dispositive of the interests of other members of the class and subclass, and could substantially impair or impede their ability to protect their interests.

58.  The pursuit of separate actions by individual members of the class and subclass could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

59.  These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class and subclass.

60.  The damages suffered by individual members of the class and subclass may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class and subclass to redress the wrongs done to them.

61.  The pursuit of Plaintiff's claims, and the claims of the members of the class and subclass, in one forum will achieve efficiency and promote judicial economy.

62.     There will be little difficulty in the management of this action as a class action.

63.     Defendant has acted or refused to act on grounds generally applicable to the members of the class and subclass, making final declaratory or injunctive relief appropriate.

### Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

64.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

65.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class and subclass, without consent.

66.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class and subclass are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action;

b)  Designating Plaintiff as a representative of the class and subclass under Federal Rule of Civil Procedure 23;

c)  Designating Plaintiff's counsel as counsel for the class and subclass under Federal Rule of Civil Procedure 23;

d)  Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e)  Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone

numbers of members of the class and subclass, in connection with which it uses an artificial or prerecorded voice;

f)   Awarding Plaintiff and the members of the class and subclass damages under 47 U.S.C. § 227(b)(3)(B);

g)   Awarding Plaintiff and the members of the class and subclass treble damages under 47 U.S.C. § 227(b)(3);

h)   Awarding Plaintiff and the class and subclass reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i)   Awarding Plaintiff and the members of the class and subclass any pre-judgment and post-judgment interest as may be allowed under the law; and

j)   Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: February 26, 2024          Respectfully submitted,

_/s/ Avi R. Kaufman_
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Counsel for Plaintiff and the proposed class*

10